UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
SHAHZAD NAWAZ,

                Plaintiff,

      -against-                                **REPORT AND**
                                                  **RECOMMENDATION**
                                                  19 CV 1727 (MKB) (CLP)

STATE FARM FIRE AND CASUALTY
COMPANY,

                Defendant.
---------------------------------------------------------- X

**POLLAK**, United States Magistrate Judge:

      On February 22, 2019, plaintiff Shahzad Nawaz filed an action in New York Supreme Court, Queens County, against defendant State Farm and Casualty Company ("State Farm"), seeking a Declaratory Judgment as to whether the defendant is required to pay the cost necessary to repair or replace the damage that was incurred to plaintiff's boiler(s), air handler, radiant heating control panel, exterior air conditioning compressors, and wall mounted split air conditioning unit, located at 215-40 27th Avenue, Bayside, N.Y. 11360 (the "Property"). On March 26, 2019, State Farm removed the action to this Court based on diversity jurisdiction.

      On May 25, 2019, defendant filed a motion to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). On August 29, 2019, the motion was referred to the undersigned to prepare a Report and Recommendation.

      For the reasons set forth below, this Court respectfully recommends that defendant's motion to dismiss be granted in its entirety.

FACTUAL BACKGROUND

According to the Complaint, plaintiff Nawaz was the owner of residential real property located 215-40 27th Avenue, Bayside, New York, from at least January 1, 2013 to the date of the Complaint. (Compl.[1] ¶ 6). The Property contained boiler(s), air handler, air cleaner, radiant heating control panel, exterior air conditioning compressors, and a wall mounted split air conditioning unit (the "subject items"). (Id. ¶¶ 7, 8). It is alleged that the value of these items was approximately $240,000.00. (Id. ¶ 9). On or about October 9, 2012, Nawaz entered into a one-year renewal agreement, Policy No. 56-EF-6110-7, with State Farm under which defendant agreed to provide homeowner's insurance coverage for the Property in exchange for $2,196.00 a year (the "Policy"). (Id. ¶¶ 11, 12). According to the Complaint, the Policy provided coverage for the dwelling up to $731,300.00, coverage for the dwelling extension up to $73,130.00, coverage for the building Ordinance Law up to $73,130.00, and coverage for personal property up to $548,475.00. (Id. ¶¶ 44-47). The terms of the Policy included insurance coverage for the subject items, as well as for the exterior and interior of the Property. (Id. ¶¶ 13, 14, 15, 22, 23, 29, 30). Plaintiff further alleges that the Policy covered rain damage from a regular rain event. (Id. ¶¶ 26, 27). Plaintiff alleges that he tendered the sum of $2,196.00 for a year of coverage that included the month of June 2013 in exchange for the insurance on the Property. (Id. ¶ 18).

On June 26, 2013, the Property suffered damage to the interior, including damage to the subject items. (Id. ¶ 61). Plaintiff claims that he gave "prompt" notice of the damage to the defendant. (Id. ¶ 109). Defendant inspected the Property and created an appraisal of the damage, estimating the cost of partial repair to be $20,091.97. (Id. ¶ 66). Defendant claimed that the damage to the subject items was not included in the Policy, based on a belief that the

---

[1] Citations to "Compl." refer to the Complaint, dated February 22, 2019, ECF No. 1-2.

2

items were damaged by salt water – damage the Policy allegedly did not cover. (Id. ¶¶ 62-67). According to plaintiff, he hired a contractor and an adjuster, who inspected the damage and told plaintiff that the damaged subject items were covered by the Policy because the damage was due to a regular rain event. (Id. ¶¶ 74-76). Plaintiff's contractor determined that the cost to repair or replace the damaged subject items was approximately $140,000.00. (Id. ¶¶ 83, 84). Plaintiff complains that defendant's employees misled him and committed fraud when they told him that the Policy would cover the boiler and other subject items.[2] (Id. ¶¶ 94-109).

In the Complaint, plaintiff raises three claims. The First Cause of Action seeks a declaration that State Farm breached its contract with plaintiff when it failed to pay the sum needed to repair and replace the damage to the subject items. (Id. at p. 29).[3] The Second Cause of Action asserts a breach of the implied covenant of good faith and fair dealing. (Id.) The Third Cause of Action alleges that defendant "committed fraud to enter its contract [with plaintiff] when [State Farm] failed to provide [plaintiff] the sum needed to replace or repair the damage to the boiler(s)."[4] (Id. at p. 30).

Defendant moves to dismiss the Complaint in its entirety, arguing that all three claims are time-barred and that the Third Cause of Action is not only duplicative, but lacks the requisite particularity required to allege a claim of fraud.

---

[2] The Complaint does not explicitly allege the names of the defendant's employees who allegedly misled plaintiff or provide any details as to the misleading statements themselves. Nor does plaintiff set forth a date or dates when the defendant's employees allegedly said the boiler would be covered under the Policy. Thus, it is unclear whether these statements were made after the damage occurred or at the time the Policy was entered into.

[3] The Complaint sets forth the three causes of action beginning on page 29. Thus, citations to "p." refer to these pages in the Complaint.

[4] This claim is equally unclear since it suggests that the fraud was committed "to enter its contract." (Id. at p. 30).

3

## DISCUSSION

A. <u>Standard for Motion to Dismiss Under Rule 12(b)(6)</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint and calls upon the court to determine whether the plaintiff has "state[d] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff. <u>DiFolco v. MSNBC Cable, LLC</u>, 622 F.3d 104, 110-11 (2d Cir. 2010). To survive a motion to dismiss, a complaint must "contain 'enough facts to state a claim to relief that is plausible on its face.'" <u>Biro v. Conde Nast</u>, 807 F.3d 541, 544 (2d Cir. 2015) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim is sufficiently plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

The standard is not so stringent that the complaint is required to demonstrate probability, nor is it so lax that the complaint may plead only facts that show a mere "possibility" that plaintiff is entitled to relief or facts that are "merely consistent with a defendant's liability." <u>Id.</u> (internal quotations omitted). Instead, a plaintiff must provide enough factual support that, if true, would "raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 555. A court need not, however, accept the truth of legal conclusions or labels couched as factual allegations, <u>see</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986), nor will "bald assertions and conclusions of law" suffice. <u>Amron v. Morgan Stanley Inv. Advisors, Inc.</u>, 464 F.3d, 338, 344 (2d Cir. 2006).

4

Ultimately, when the well-pleaded facts allow no more than an inference of a "mere possibility of misconduct" and the plaintiff has only alleged, rather than shown, an entitlement to relief, the federal pleading standard of Rule 8(a)(2) has not been satisfied. Ashcroft v. Iqbal, 556 U.S. at 679. However, "[t]he issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds, Harlow v. Fitzgerald, 457 U.S. 800 (1982); accord Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013). In the Second Circuit, lack of timeliness and other statutory bars are appropriate grounds upon which a court may grant a 12(b)(6) motion to dismiss. Sewell v. Bernardin, 795 F.3d 337, 339 (2d Cir. 2015).

B. Defendant's Motion to Dismiss as Time Barred

Defendant moves to dismiss all three of the plaintiff's causes of action on the grounds that under New York law, the substantive claims, including the claim upon which the declaratory judgment is sought, are time barred. (Def.'s Mem.[5] at 4-5 (citing Porwick v. Fortis Benefits Ins. Co., No. 99 CV 10122, 2004 U.S. Dist. LEXIS 24432, *14 (S.D.N.Y. Dec. 6, 2004)). Defendant contends that since plaintiff's declaratory judgment claim is premised on a claim that defendant breached its contract with plaintiff, then ordinarily, the applicable statute of limitations is the six-year statute that applies to breach of contract claims under New York law. (Id. at 5 (citing N.Y. C.P.L.R. § 213)). Similarly, defendant argues that the second claim for breach of the implied covenant of good faith and fair dealing is subject to the same contractual limitations on liability as are applied to breach of contract claims. (Id. at 8 (citing Barrie House Coffee Co. v. Teampac, LLC, No. 13 CV 8230, 2016 U.S. Dist. LEXIS 85527, at *37-38 (E.D.N.Y. June 30, 2016))).

---

[5] Citations to "Def.'s Mem." refer to Defendant State Farm Fire and Casualty Company's Memorandum of Law in Support of Motion to Dismiss, filed June 25, 2019, ECF No. 15.

5

However, defendant argues that parties may contractually agree that any suit shall be commenced within a shorter period of time than prescribed by law (id. at 5 (citing cases)), and that in this case, the Policy contains a "Suit Against Us" provision which states that "[n]o action shall be brought unless there has been compliance with the policy provisions and the action is started within two years after the occurrence causing loss or damage." (Id. at 6; Bank Decl.,[6] Ex. B at 14). Under this provision, defendant contends that plaintiff was required to bring his claim within two years of the date of the occurrence of the loss which, according to the Complaint, was June 26, 2013. (Id. (citing Roberts v. New York Prop. Ins. Underwriting Ass'n, 253 A.D.2d 807, 807, 677 N.Y.S.2d 621, 622 (2d Dep't 1998); Costello v. Allstate Ins. Co., 230 A.D.2d 763, 646 N.Y.S.2d 695, 696 (2d Dep't 1996)). Since the Complaint was not filed until February 22, 2019, six years after the 2013 damage, the First Cause of Action is time barred because, on the face of the Complaint, the claim was filed more than two years after the date of occurrence. (Id. at 6-7). See Sewell v. Bernardin, 795 F.3d at 339.

Plaintiff contends that the defendant's motion to dismiss based on the limitations period must be denied because the defendant's actions have triggered New York's equitable tolling statute. (Pl.'s Mem.[7] at 22). Plaintiff concedes that under C.P.L.R. § 213(2), an action for breach of contract must be commenced within six years of the date of the breach, and under C.P.L.R. § 213(8), an action for fraud must be filed within six years of the date the cause of

---

[6] Citations to "Bank Decl." refer to the Declaration of Brian Banks, dated May 14, 2019, ECF No. 14. Ex. B to the Bank Declaration is a copy of Policy, filed at ECF No. 14-2.

[7] Citations to "Pl.'s Mem." refer to the "State Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint, Pursuant to FRCP Rules 12(b)(6)," filed on June 11, 2019, ECF No. 11. The Court notes that there are a number of typographical errors in the heading page of plaintiff's Memorandum. The Court assumes that the addition of the word "State" before Plaintiff's Memorandum was unintentional and that the heading refers to plaintiff Shahzad Nawaz.

action accrued or within two years from either the date the plaintiff discovers the fraud or could, with reasonable diligence, have discovered the fraud. (Id. at 17). However, plaintiff argues that the doctrines of equitable estoppel and equitable tolling should apply in this case because defendant initially indicated that the Policy did not cover the subject items because they were damaged by salt water. (Id. at 23, 24). When plaintiff's public adjuster and contractor indicated that the damage was not caused by salt water but rather by regular rain water, plaintiff began to discuss the matter with defendant in an effort to negotiate coverage of the damaged items. (Id. at 24). According to plaintiff, these discussions went on from 2013 to July 11, 2016, which is when defendant sent a letter to plaintiff that seemed to provide a final, "definitive," decision that there was no coverage. (Id. (citing Pl.'s Mem., Ex. B[8])). Plaintiff notes that the letter, dated July 11, 2016, was sent well after the two-year statute of limitations set out in the Policy. (Id.) Plaintiff claims that the negotiations between plaintiff and the defendant went on for nearly four years without success until he filed the Complaint on February 22, 2019. (Id.)

Plaintiff contends that he reasonably relied on defendant's failure to give him a definitive answer to his claims and invested time and money in retaining a public adjuster to assist him in negotiating his claims with defendant. (Id. at 25). Citing Richey v. Hamm, 78 A.D.3d 1600, 910 N.Y.S. 2d 791 (4th Dep't 2010), plaintiff argues that the defendant's acts and omissions "demonstrate an affirmative deception, fraud or misrepresentations [sic]" that "gave rise to a reasonable reliance on the part of the Plaintiff, Shahzad Nawaz, that warrants the imposition of New York's Equitable Estoppel Doctrine and the denial of the Defendant's motion." (Id. at 25-26). In the alternative, plaintiff contends that the Court should hold a hearing because, taking

---

[8] Citations to "Pl.'s Mem., Ex. B" refer to the letter from defendant to plaintiff denying coverage, dated July 11, 2016, ECF No. 11-4.

7

plaintiff's allegations as true for purposes of a Rule 12(b)(6) motion, plaintiff has raised material issues of fact that need to be determined with regard to the issue of estoppel. (Id. at 28-29 (citing Richey v. Hamm, 78 A.D.3d 1600)).

Under New York law, courts have the authority to "bar the assertion of the affirmative defense of the Statute of Limitations where it is the defendant's affirmative wrongdoing . . . which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding." General Stencils v. Chiappa, 18 N.Y.2d 125, 128, 219 N.E.2d 169, 171, 272 N.Y.S.2d 337, 340 (N.Y. 1966); see also John v. State Farm Mut. Auto. Ins. Co., 116 A.D.3d 1010, 1011-12, 983 N.Y.S.2d 883, 884 (2d Dep't 2014). "[W]here plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action," Zumano v. Quinn, 6 N.Y.3d 666, 674 (N.Y. 2006) (internal quotation omitted), a court may apply the doctrines of equitable tolling[9] and equitable estoppel. However, in order to invoke application of the doctrine of equitable estoppel, a plaintiff must allege representations or conduct by the defendant which misled the plaintiff into believing that the statute of limitations would not be invoked, Diamond Lease (USA), Inc. v. Travelers Indem., Co., 800 N.Y.S.2d 345 (N.Y. Cnty. 2004), and demonstrate that he reasonably relied on the deceptive conduct. Zumano v. Quinn, 6 N.Y.3d at 674; see also K-Bay Plaza, LLC v. Kmart Corp., 132 A.D.3d 584 (1st Dep't 2015).

---

[9] Equitable tolling generally applies where the defendant has acted to mislead the plaintiff in an effort to conceal the existence of a cause of action. See, e.g., Miller v. United States, 803 F. Supp. 1120, 1127 (E.D. Va. 1992); see also English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987), cert. denied, 486 U.S. 1044 (1988). Here, the plaintiff raises both equitable tolling and equitable estoppel in his motion papers. However, plaintiff was clearly aware of his right to bring an action against the insurance company to recover under the Policy. The question is whether defendant engaged in conduct to mislead him into not bringing the action within the limitations period; thus, the issue is whether the doctrine of equitable estoppel applies.

Defendant argues that nowhere in plaintiff's Complaint does he allege that State Farm ever gave plaintiff a reason to believe that it would cover the losses. (Def.'s Reply[10] at 4). The Complaint alleges that after the loss, which occurred on June 26, 2013, State Farm inspected the premises and informed plaintiff that the loss was not covered because the damage was due to salt water. (Id. at 3 (citing Compl. ¶¶ 61, 62-68)). Although defendant concedes that the Complaint alleges that plaintiff retained a public adjuster who communicated with State Farm between 2015 and 2016, State Farm argues that it asserted a denial of coverage in 2016. (Id. at 3-4 (citing Compl. ¶¶ 72-80, 81-82)). Defendant argues that not only does the Complaint fail to allege that defendant took any action to mislead plaintiff, but the Complaint alleges that every time plaintiff or his representative communicated with State Farm, defendant responded by denying coverage. (Id. at 4).

Defendant also points to the documents attached to plaintiff's motion papers – including the June 11, 2016 letter from State Farm stating that the damage to the subject items was not exhibited during the July 15 and October 22, 2013 inspections and was only reported on June 8, 2016. (Id.) Defendant argues that this document shows that State Farm was not even aware of the claim until after the expiration of the Policy's two-year limitation provision. (Id.) Defendant further cites to the December 1, 2015 Public Adjusters Compensation Agreement, which shows that plaintiff only retained the public adjuster in December 2015 – again, after the limitations period had already expired. (Id.) Defendant notes that in its June 11, 2016 letter, State Farm expressly stated that it did "not intend to waive, but rather specifically reserves all of its rights, including other defenses which may be applicable to this claim." (Id. at 5).

---

[10] Citations to "Def.'s Reply" refer to Defendant State Farm and Casualty Company's Reply Memorandum of Law in Further Support of Motion to Dismiss, dated June 25, 2019, ECF No. 16.

C. <u>Analysis</u>

    i.   <u>Breach of Contract</u>[11]

Defendant argues that plaintiff's breach of contract claim should be dismissed as time-barred because this case was commenced in 2019, more than three years beyond the time period set out in the Policy. (<u>See</u> Def.'s Mem. at 6-7; <u>see also</u> discussion <u>supra</u> at 6). Specifically, defendant notes that the parties agreed to a shorter period of time to commence suit under the Policy than the six-year statute of limitations applicable to breach of contract claims under New York law. Indeed, the contract stipulated that any suit against State Farm was to begin "within two years after the occurrence causing loss or damage." (Bank Decl., Ex. B at 14).

Plaintiff contends that State Farm should be equitably estopped from relying upon the Policy's two-year suit limitation provision. (Pl.'s Mem. at 24-25). As discussed above, to invoke application of the doctrine of equitable estoppel, a plaintiff must allege representations or conduct by the defendant which misled the plaintiff into believing that the statute of limitations would not be invoked, and demonstrate that he reasonably relied on the deceptive conduct. (<u>See</u> discussion <u>supra</u> at 8).

Plaintiff claims that "[s]hortly after" the damage occurred in June 2013, State Farm employees inspected and appraised the damage and informed the plaintiff that the Policy would *not* cover the damage sustained. (<u>See</u> Pl.'s Mem. at 10-11). Plaintiff says that at the time, Nawaz asked why the Policy would not cover those items, and was told that the basis for the

---

[11] To successfully plead breach of contract in New York, the plaintiff must show: (1) the terms of an existing contract, including consideration; (2) performance upon the part of the plaintiff; (3) breach by the defendant; and (4) the damages sustained from the breach. N.Y. Jur. 2d Contracts § 435 (citing cases). Given both parties' agreement that a contract did exist between them, the only issue appears to be whether plaintiff has provided sufficient allegations to plead breach of the contract within the applicable limitations period.

denial was State Farm's belief that the items were damaged by salt water, and that the Policy did not cover salt water damage. (Id. at 11).[12] Nawaz then hired a contractor and public adjustor, who determined that rain, not salt water, caused the damage. (Id.) The adjustor then engaged in discussions with State Farm starting in 2015, but in July 2016, State Farm told Nawaz that the Policy would not cover the items, maintaining its original position that salt water caused the damage. (Id. at 12). Plaintiff asserts that State Farm "intentionally misled" Nawaz by initially informing him that the Policy would cover the boiler.[13] (See id. at 13).

Since the damage occurred in June 2013, Nawaz had two years under the provisions of the Policy – until June 2015 – to bring suit against State Farm for breach of the Policy. To the extent that plaintiff's argument for tolling is based on conversations between Nawaz's adjustor and the defendant, the Complaint does not clearly set forth a factual basis for determining the nature of the misleading conversations or when they may have occurred. Indeed, an exhibit attached to plaintiff's own Memorandum of Law demonstrates that Nawaz did not even contact the adjustor regarding his potential claim until December 1, 2015 – two and a half years after the damage occurred, and approximately five months beyond the two-year limitation period for bringing suit under the Policy. (See Public Adjusters Compensation Agreement[14]). The

---

[12] It is not clear to the Court whether the communication between Nawaz and State Farm was written or oral. (See Pl.'s Mem. at 10-11).

[13] As noted supra, n. 2, the Complaint does not specify when this misleading statement was made, although it appears that plaintiff is alleging that at the time he entered into the Policy, he was advised that the "boiler would be covered . . .". (Compl. ¶¶ 92-99). To the extent that plaintiff is alleging that the defendant misled him into agreeing to the Policy in the first instance, this conduct by defendants occurred prior to 2013 and plaintiff became aware of it when State Farm denied coverage for the boiler in 2013. At that point, the two-year period to commence suit began to run, but plaintiff has not alleged any other conduct afterwards that would merit an argument for estoppel.

[14] Filed as an exhibit to Plaintiff's Memorandum of Law in Opposition to the Motion to Dismiss, ECF No. 11-5.

Complaint contains no allegations as to any statements or conduct on the part of defendant between June 2013 and June 2015 that misled plaintiff into thinking that State Farm would change its position and cover the damage.

Nor are there any facts alleged as to conduct during the period between 2013 and 2015 by State Farm that would have caused plaintiff to conclude that the company was not going to rely on the two-year limitation period. The Court notes that another exhibit to plaintiff's Memorandum of Law indicates that the plaintiff did not actually inform State Farm of the specific damage at issue until June 8, 2016. (See Pl.'s Mem., Ex. B[15] at 3). Again, because 2016 was long after the limitations period had already expired, it is unclear how any misrepresentations made then would justify equitable tolling as to plaintiff's failure to bring suit over a year earlier.

Construing the allegations in the Complaint in the light most favorable to the plaintiff, the Court can discern no factual allegations of misconduct by the defendant within the two-year policy period upon which a claim for equitable tolling or equitable estoppel could survive. The Court thus respectfully recommends granting State Farm's motion to dismiss Nawaz' breach of contract claim, without prejudice to Nawaz to amend his complaint if he can set forth specific allegations of misleading statements made by defendant between June 2013 and June 2015 that misled plaintiff into not filing suit within the Policy period.

    ii.    <u>Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

The Court also respectfully recommends a finding that plaintiff has not stated a claim for breach of the implied covenant of good faith and fair dealing upon which relief may be granted.

---

[15] Citations to "Pl.'s Mem., Ex. B" refer to a letter from State Farm to Nawaz, dated July 11, 2016, ECF No. 11-4.

12

Defendant is correct to assert that "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." (Def.'s Mem. at 7 (citing, *inter alia*, Harris v. Provident Life & Acc. Ins. Co., 310 F.3d 73, 81 (2d Cir. 2002)). As plaintiff already asserted a breach of contract claim here, the claim for breach of the covenant of good faith and fair dealing is subject to dismissal.

    iii.    Fraud

Finally, the Court respectfully recommends a finding that plaintiff has also failed to state a claim of fraud upon which relief may be granted. To sustain a tortious fraud claim that is separate from a breach of contract claim, there must be a legal duty independent of the contract. Clark-Fitzpatrick, Inc. v. Long Island R. Co., 70 N.Y.2d 382, 389, 516 N.E.2d 190, 521 N.Y.S. 2d 653, 656-57 (N.Y. 1987). Plaintiff argues that by engaging in negotiations with plaintiff during this four-year period without issuing a definitive "no" sooner, defendant "intentionally continued a dialogue with the Plaintiff in the hopes of keeping him occupied with the illusion of being open to discussion and negotiation, until the Statute of Limitations expired." (Id. at 24-25). However, plaintiff makes no allegations separate from those that underly his breach of contract claim that would support a legally distinct fraud claim.

In addition, plaintiff has failed to plead fraud with particularity, as required by Federal Rule of Civil Procedure Rule 9(b). See Fed. R. Civ. P. Rule 9(b) (requiring that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"); United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 25 (2d Cir. 2016) (holding that Fed. R. Civ. P. Rule 9(b) requires that "a complaint alleging fraud must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where

and when the statements were made, and (4) explain why the statements were fraudulent" (internal quotations omitted)). Plaintiff's Complaint fulfills none of the Rule 9(b) requirements, and as such, the Court respectfully recommends that the District Court dismiss the fraud claim.

## CONCLUSION

For the reasons given above, the Court respectfully recommends that the District Court grant the defendant's motion to dismiss in its entirety, but allow plaintiff to amend his Complaint if he seeks to do so.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
       January 30, 2020

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York